UNITED STATES of America, Plaintiff–Appellee,

v.

Benton D. BURT, Defendant–Appellant.

No. 94–10309.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 1995.

Decided Feb. 21, 1996.

Karen L. Landau, San Francisco, California, for defendant-appellant.

Charles B. Burch, Assistant United States Attorney, San Francisco, California, for plaintiff-appellee.

Before: NORRIS, BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Benton Douglas Burt appeals his convictions and sentence for distributing methamphetamine, possessing a firearm and using a firearm during a drug trafficking offense. Burt represented himself at trial but enjoys counsel on appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part and remand for resentencing.

## I

On several occasions in October, 1991, undercover Officer Leslie Vanderpool of the Santa Rosa Police Department purchased a substance containing methamphetamine from Appellant Benton D. Burt. Paula Trichel, an informant, introduced Vanderpool to Burt. After the last purchase, Vanderpool arrested Burt. Police searched Burt and his residence under a search warrant, finding methamphetamine in Burt's pocket, a bottle of Vitablend powder for cutting methamphetamine in the house and a black bag in the back yard. The bag contained drug distribution paraphernalia and a loaded .38 caliber revolver.

A grand jury returned an indictment against Burt and Codefendant Gayle Freeman.[1] The indictment charged Burt with distribution of and possession with intent to distribute methamphetamine (five counts), possession of a firearm by a convicted felon and use of a firearm during the commission of a drug trafficking offense. With the assistance of appointed standby counsel, Burt represented himself at trial. Burt claimed that Trichel, the informant, had set him up. He testified that she gave him a substance containing methamphetamine but told him it contained vitamins. Claiming that Vanderpool had come to him for legal help, he asserted that Trichel coerced him into delivering the substance for her by preying on his desire to do legal work. He called Dr. Kjelson, a psychologist, who testified that Burt suffered mental impairments as the result of a 1990 automobile accident. The district court excluded the testimony of another psychologist, Dr. Alvarez, who had also examined Burt.

The jury convicted Burt on all counts. The district judge denied a motion for a new trial and sentenced Burt to 156 months imprisonment, five years supervised release and a $5,000 fine. The district court departed upward to 96 months based in part on Burt's prior murder conviction and imposed a 60 month consecutive sentence on the conviction for use of a firearm in relation to a drug trafficking offense.

## II

Burt argues that the district court's use of an invalidated entrapment instruction mandates reversal. The district court used the Model Ninth Circuit Jury Instruction § 6.02, after Burt offered a slightly modified version provided to him by standby counsel. The government did not object to the giving of the instruction.

The Supreme Court and this court have held this formulation invalid because it does not clearly state the government's burden to show that the "defendant was disposed to commit the criminal act prior to first being approached by [g]overnment agents." *Jacobson v. United States*, 503 U.S. 540, 549, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 174 (1992); *United States v. Jackson*, 72 F.3d 1370, 1378 (9th Cir.1995); *United States v. Mkhsian*, 5 F.3d 1306, 1310 (9th Cir.1993). Although Burt proposed the defective instruction, we review for plain error. *Jackson*, 72 F.3d at 1378; *United States v. Perez*, 67 F.3d 1371,

---

1. Freeman pleaded guilty and the district court sentenced her separately.

1385 (9th Cir.1995) (citing *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

■■■ Plain error is highly prejudicial error affecting substantial rights. *United States v. Payne,* 944 F.2d 1458, 1463 (9th Cir.1991), *cert. denied,* 503 U.S. 975, 112 S.Ct. 1598, 118 L.Ed.2d 313 (1992). This court finds such error only where necessary to prevent a miscarriage of justice or to maintain the integrity of the judicial process. *United States v. Ponce,* 51 F.3d 820, 830 (9th Cir.1995). *See also United States v. Jackson,* 72 F.3d at 1378 (finding no plain error where a district court used a defective entrapment instruction).

Because Burt presented no colorable evidence of entrapment, the defective instruction was harmless. While Burt testified that his desire to do paralegal work and to protect his drug using girlfriend from temptation motivated him to deliver the substance for the informant, he also testified that he did not know the substance contained illegal drugs. This testimony does not support an entrapment defense.

The testimony of Dr. Lee Kjelson, a psychologist who had examined Burt in 1991, did not bolster Burt's entrapment claim. Kjelson testified about Burt's paranoia, which would have made him, if anything, less susceptible to entrapment.

The government presented evidence of Burt's predisposition. Burt had a black bag in his back yard that contained a revolver and methamphetamine. He had bullets and a holster for the revolver in the house. A neighbor testified that she had seen the bag in Burt's backyard for weeks, and this testimony would support an inference that Burt had the bag before contact with government agents. Burt's negotiations with Vanderpool also showed him to have been a knowledgable seller. *See United States v. Davis,* 36 F.3d 1424, 1432 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995).

We conclude that the instructional error was harmless and we affirm the conviction on this ground.

### III

Burt contends that the district court committed several errors concerning Paula Trichel, the informant.

### A

■■■ First, Burt argues that the district court erred by requiring him to show the government's lack of diligence in producing Trichel. Once the defendant properly requests the production of an informant, the government must show that it used reasonable efforts to find the informant. *United States v. Montgomery,* 998 F.2d 1468, 1473 (9th Cir.1993) (citation omitted). We review the district court's finding of reasonable efforts under the "clearly erroneous" standard. *Id.* (citing *United States v. Tornabene,* 687 F.2d 312, 316 (9th Cir.1982)).

■■ The record contains no indication that the district court placed the burden on Burt to prove the shortcomings of the government's efforts to locate Trichel. Burt never properly requested the production of the informant, and the court never actually ordered the government to produce Trichel, simply noting that the defense had a right to call her as a witness.

When the time approached for Trichel to testify, the court heard representations from the government regarding its efforts to locate Trichel. The defense sought to put on the testimony of the defense investigator in order to raise an inference that the government had not fulfilled its responsibility to produce Trichel. After noting the efforts of the government and the defense investigator, the court excluded the testimony of the investigator, finding "no proper inference ... of any misconduct, bad faith, hiding witnesses, or anything else in this case."

■■ Although at trial Burt never sought and the court never made a more explicit finding of reasonable efforts, the record does reflect reasonable efforts. After the defense requested the government's assistance in locating Trichel, Officer Vanderpool contacted persons who knew Trichel, and they indicated that she had moved to Arizona. Vanderpool tried all telephone numbers for Trichel

and her relatives known to the Santa Rosa Police Department. He failed to locate Trichel. The government scheduled an interview with Trichel for the defense, but Trichel failed to appear. In contrast, this court in *Montgomery* found the government's efforts unreasonable where the government had passed up opportunities to inform the witness of the court's order to appear and had failed to schedule an interview. 998 F.2d at 1475. Here, the government never unconditionally promised to produce Trichel, and it made reasonable efforts to find her. *See United States v. LaRizza*, 72 F.3d 775, 779 (9th Cir.1995) (where defendant requested production of informant on the second day of defendant's second trial, government acted reasonably by disclosing the informant's identity and last known address).

We find no clear error in the district court's treatment of this issue.

### B

■ Second, Burt argues that the district court erred by failing to disclose information contained in Trichel's informant file. The district court reviewed the file *in camera*, and we review its determination for clear error. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 228 (1989). Having reviewed the file, we find none.

### C

■ Third, Burt contends that the district court erred by refusing to give a missing witness instruction. The district court based its determination on the state of the record; we review for abuse of discretion. *United States v. Duran*, 59 F.3d 938, 941 (9th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 535, 133 L.Ed.2d 440 (1995). Because the information available to the district court indicated that neither side could locate Trichel despite reasonable efforts, the court did not abuse its discretion in finding that Trichel remained equally unavailable to both sides and in refusing the instruction.

We affirm the district court's decisions regarding Trichel.

### IV

Burt argues that the district court abused its discretion by excluding the expert testimony of Dr. William Alvarez and limiting the testimony of Dr. Lee Kjelson. We review these decisions for abuse of discretion. *United States v. Von Willie*, 59 F.3d 922, 928 (9th Cir.1995). An expert may testify "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702.

Alvarez had examined Burt in 1991 to determine whether he was competent to represent himself in a state court proceeding. Kjelson had examined Burt in 1991 for the purpose of evaluating his eligibility for social security disability benefits. He testified that Burt suffered from organic brain damage, severe depression, posttraumatic stress disorder, generalized anxiety disorder and paranoia.

Burt calls into question two rulings concerning the two psychologists. First, the district court ruled that the defense could only offer testimony regarding Burt's mental capacity for the purpose of showing susceptibility to inducement, not for the purpose of challenging knowledge of methamphetamine. Second, the court found that Dr. Alvarez's proposed testimony merely repeated Kjelson's conclusions and involved tests of Burt conducted in the 1970s, too dated to admit.

■ Burt's challenges to each of these rulings lack merit. The district court did not abuse its discretion in excluding medical testimony regarding the knowledge element of the crime. Unlike *United States v. Rahm*, 993 F.2d 1405, 1416 (9th Cir.1993), where we reversed the exclusion of expert testimony regarding the visual perceptive powers of an accused counterfeiter, this case does not center on evidence of Burt's physical ability to identify methamphetamine. This case turns on whether he knew it was a controlled substance. The district court correctly noted that the standard of knowledge is very low for drug cases. *United States v. Lopez-*

*Martinez*, 725 F.2d 471, 474 (9th Cir.), *cert. denied*, 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984) (government need only prove knowledge of controlled substance, not type of substance). Knowledge presents an easier burden for the government than the intent to defraud element challenged by the defense in *Rahm*, 993 F.2d at 1409 n. 2.

█ The district court also soundly exercised its discretion in excluding Alvarez's testimony. Alvarez would have added nothing to Kjelson's testimony. Alvarez's observations tracked Kjelson's, and Alvarez couched his conclusions in language indicating possibilities, not diagnoses. Burt complains that only Alvarez could corroborate Burt's testimony regarding auditory and visual hallucinations, but Alvarez's information on these issues came either from Burt's own descriptions or from a 1970 report. The district court correctly excluded this information as cumulative or dated.

We affirm the district court's limiting and exclusion of the psychologists' testimony.

## V

█ Burt moved for a mistrial on the ground that members of the jury had seen him in handcuffs. The district court denied the motion, noting that Burt had chosen to wear his prison clothing throughout the trial and finding that an incidental glimpse of handcuffs would not add any prejudice. We review for abuse of discretion. *United States v. Homick*, 964 F.2d 899, 906 (9th Cir.1992).

Burt points to the possibility that jurors, seeing the handcuffs, would conclude that Burt was a dangerous person and become prejudiced against him. We recently noted this risk in connection with a defendant kept in restraints during his sentencing hearing. *Duckett v. Godinez*, 67 F.3d 734, 747–48 (9th Cir.1995). Assuming that the jury saw Burt brought into the courtroom in handcuffs, however, the jury also saw Burt conducting his own defense free of handcuffs. This would give rise to an inference that authorities considered Burt at least safe enough to remain free of restraint in the courtroom, and the knowledge that marshals transported Burt to the court in handcuffs could not create sufficient additional prejudice to require an evidentiary hearing on the issue.

Because the jury's glimpse of Burt in handcuffs could not have "had substantial and injurious effect or influence in determining the jury's verdict," *Rhoden v. Rowland*, 10 F.3d 1457, 1460 (9th Cir.1993), we affirm the district court's denial of the motion for mistrial and the court's decision not to conduct an evidentiary hearing.

## VI

We find no cumulative error. *United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir.1993).

## VII

█ Burt raises several challenges to his sentence. First, Burt argues that the district court committed plain error in sentencing him on the basis of D-methamphetamine although there was no evidence that he distributed D-methamphetamine and not L-methamphetamine. We agree. ·

█ We have recently held that a district court committed clear error by relying upon general expert affidavits to establish the presence of D-methamphetamine. *United States v. Dudden*, 65 F.3d 1461, 1471 (9th Cir.1995). Because the finding makes a significant difference in the sentence imposed, we now hold that a failure to determine the type of methamphetamine constitutes plain error. *See United States v. Ramsdale*, 61 F.3d 825, 831–32 (11th Cir.1995); *United States v. Bogusz*, 43 F.3d 82, 90 (3rd Cir. 1994) (dicta), *cert. denied sub nom. O'Rourke v. United States*, —— U.S. ——, 115 S.Ct. 1812, 131 L.Ed.2d 736 (1995). *But see United States v. Deninno*, 29 F.3d 572, 579–80 (10th Cir.1994) (failure to determine type of methamphetamine is not plain error). On remand, the government bears the burden of showing that Burt distributed D-methamphetamine. *See Dudden*, 65 F.3d at 1472.

█ Second, Burt argues that the district court relied on legally inadequate grounds in

departing upward under U.S.S.G. § 4A1.3. The government responds that the district court properly imposed the upward departure based on a finding that Burt was likely to commit future crimes. We agree with the government that the district court made such a finding and that this finding is sufficient to support the upward departure. *See United States v. Whitehead,* 912 F.2d 448, 452 (10th Cir.1990).

Third, Burt argues that the district court abused its discretion in imposing a fine without considering Burt's ability to pay. Burt failed to object to the amount of the fine at sentencing, but will have an opportunity to do so on remand.

While this appeal was pending, the Supreme Court decided *Bailey v. United States,* —— U.S. ——, ——, 116 S.Ct. 501, 505, 133 L.Ed.2d 472 (1995), holding that the term "use" in 18 U.S.C. § 924(c)(1) requires the active employment of a firearm in relation to a drug trafficking offense. The government concedes that *Bailey* requires the vacating of Burt's conviction under 18 U.S.C. § 924(c) and a remand for resentencing *de novo.*

We remand the matter for resentencing.

AFFIRMED in part and VACATED in part, REMANDED for resentencing.