77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley Anthony WYNNE, Defendant-Appellant.
 No. 94-35567.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1996.*
Decided Feb. 21, 1996.
 
 Before: NOONAN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bradley Anthony Wynne ("Wynne") appeals, pro se, from the district court's denial of his 28 U.S.C. § 2255 motion challenging his 1991 sentence for possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1). Wynne contends that the district court misapplied the Sentencing Guidelines by calculating his base offense level for possession of D-methamphetamine rather than L-methamphetamine, and that the government failed to satisfy its burden of establishing that he possessed D-methamphetamine rather than L-methamphetamine. In the alternative, Wynne contends that he received ineffective assistance of counsel. We affirm.
 
 
 3
 Wynne was indicted and sentenced for possession of "methamphetamine."[1] Both Wynne and his attorney explicitly agreed at sentencing to the contents of the Presentence Report, adopted by the district court, which unambiguously calculated the offense level for count one based on possession of the more potent "methamphetamine," i.e., D-methamphetamine. Wynne has no basis for asserting that there was any doubt about the nature of the controlled substance he possessed.
 
 
 4
 Any disparate sentencing resulting from the difference between D-methamphetamine and L-methamphetamine existed at the time Wynne was indicted, entered into the plea agreement, was convicted, and sentenced. His contention that failure to take account of the difference in the original sentence presents a "novel" issue unavailable to him prior to his § 2255 motion is meritless. He could have raised the issue at his sentencing and on appeal. Absent a showing of a fundamental miscarriage of justice or a constitutional claim, those issues are waived. There is no fundamental miscarriage of justice or constitutional error. Wynne has waived this issue by failing to raise it prior to his § 2255 motion. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995).
 
 
 5
 Wynne also argues that his attorney was ineffective by not objecting to the government's failure to present evidence of possession of L-methamphetamine instead of D-methamphetamine. Wynne's § 2255 filings include only a single, vague statement pertaining to his representation in the initial proceeding. See Wynne's Response to the Government Brief at 2. Wynne nowhere asserted an "ineffective assistance of counsel" claim. He did not mention the Sixth Amendment, cite any case law on this issue, or state how his attorney's behavior was defective. In its order denying the § 2255 motion, the district court did not refer to any ineffective assistance of counsel claim.
 
 
 6
 Wynne's passing reference failed to satisfy even the minimal pleading requirement applicable to pro se litigants and did not "fairly present" an ineffective assistance of counsel claim to the district court. Accordingly, we do not consider the merits of this claim. Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir.1995); United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990).
 
 The decision appealed from is
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Drug Equivalency Tables do not refer to the more potent form of methamphetamine as "D-methamphetamine," but rather simply as "methamphetamine." Only the less potent form is specifically distinguished as "L-methamphetamine." Thus, the Sentencing Guidelines refer to the more potent form of the controlled substance by using the word "methamphetamine."