UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 5/2/96**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIKE YOUNGPETER,

    Defendant - Appellant.

No. 95-5179

(D.C. No. 94-C-1011-C)

(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Michael Youngpeter was convicted of conspiracy to manufacture, possess, and sell methamphetamine. Pursuant to Sentencing Guideline § 1B1.3, the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court found Defendant responsible for 26.5 pounds of methamphetamine at sentencing. The Defendant's range of imprisonment under the Sentencing Guidelines was determined to be 188 to 235 months, and the Defendant was sentenced to 188 months. We affirmed Defendant's conviction and sentence. United States v. Youngpeter, 986 F.2d 349 (10th Cir. 1993). Defendant then filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, which the district court denied. We affirm.

Defendant raised ineffective assistance of counsel in his § 2255 motion. A district court's post-conviction factual findings that defendant's counsel was effective are reviewed under the clearly erroneous standard, but we review de novo whether counsel's performance was legally deficient and whether any deficiencies prejudiced the defendant. United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993). To establish ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that, but for his counsel's unprofessional errors, the results of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

Defendant asserts his counsel was deficient in failing to order a chemical analysis on the drugs involved in the conspiracy, but the district court correctly found that no laboratory testings could be conducted because no methamphetamine was recovered and

presented as evidence. Defendant next claims his counsel failed to object to the relevant conduct determination and foreseeability finding at sentencing and on appeal. Defendant's counsel, however, objected to both the relevant conduct determination and the foreseeability finding at sentencing and on appeal, and his arguments were rejected. See Youngpeter, 986 F.2d at 354-55.

Defendant next argues his counsel failed to object to the presentence report on the grounds that it allegedly was prepared by a prejudicial and biased probation officer. He also claims that the probation officer relied on inaccurate information and engaged in "wild speculation" in formulating his conclusion regarding the quantity and quality of the methamphetamine involved in the conspiracy. Defendant's counsel challenged the quality and quantity of drugs in the presentencing report, and he objected to the sentencing court's adoption of the presentencing report regarding the amount of drugs. Appellee's Appendix, No. 5 (Defendant's Objection Nos. 1-2); id., No. 2 (Sentencing Transcript at 7). On direct appeal, we affirmed the sentencing court's foreseeability findings regarding the quality and amount of drugs. Youngpeter, 986 F.2d 353-54. Defendant is attempting to relitigate an issue which we decided on direct appeal, and we will not revisit this settled issue. See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).

Defendant also claims his counsel failed to make discovery motions and objections concerning the charges brought against Defendant. The district court found that Defendant's counsel made several pretrial motions and that he appeared prepared and knowledgeable concerning the facts and evidence at trial. Thus, this argument is untenable.

Finally, Defendant contends that his counsel was ineffective for failing to require the government at sentencing to determine if the methamphetamine was type-D or type-L. The district court did not specifically address this question. In United States v. Cook, 49 F.3d 663, 665 n.3 (10th Cir. 1995), we acknowledged that the guidelines' treatment of methamphetamine sentencing is "confusing and difficult to apply." The sentencing guidelines in effect at the time Defendant was sentenced treated type-L methamphetamine significantly less harshly than type-D. U.S.S.G. § 2D1.1(c) n.* (Nov. 1991); see United States v. Deninno, 29 F.3d 572, 579 (10th Cir. 1994) ("The sentencing difference between D-methamphetamine and L-methamphetamine is significant."), cert. denied, 115 S. Ct. 1117 (1995).

Even if we were to assume that Mr. Youngpeter's counsel was incompetent in failing to perceive that the type of methamphetamine might have been relevant, Mr. Youngpeter has failed to establish that he was prejudiced by this alleged incompetence.

Defendant has not alleged that the drug involved was type-L methamphetamine instead of type-D. Also, there is no evidence in the record that the drug involved was type-L methamphetamine or a D-L mixture. In fact, no laboratory tests could be performed on the methamphetamine in this case because there was no methamphetamine recovered. The district court's calculation of the methamphetamine was based on the testimony of co-conspirators and the agent's opinion, but there was no testimony as to whether the methamphetamine was type-D or type-L. Under these circumstances, we conclude that Mr. Youngpeter has failed to establish that absent the purported incompetence of his counsel, the result of his sentencing proceeding would have been different.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge