89 F.3d 840
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Loyd William BRODY, Jr., Appellant,
v.
UNITED STATES of America, Appellee.
 No. 95-3544.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 7, 1996.
Filed May 10, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Loyd Brody pleaded guilty to one count of conspiring to possess with intent to distribute one pound of methamphetamine in violation of 21 U.S.C. §§ 841 and 846, and consented to one count of criminal forfeiture of the drug proceeds under 21 U.S.C. § 853. Accordingly, in November 1994 the district court[1] ordered forfeiture of $10,595.00, and in December 1994 sentenced Brody to 78 months imprisonment and four years supervised release. The district court denied Brody's subsequent 28 U.S.C. § 2255 motion claiming ineffective assistance of counsel, and this appeal followed.
 
 
 2
 Upon de novo review, we are convinced that the motion, files, and records conclusively show Brody is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.) (standard of review), cert. denied, 116 S.Ct. 224 (1995); Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (ineffectiveness standard). Because the government brought the criminal forfeiture count in the criminal indictment, and Brody pleaded guilty to the methamphetamine count and consented to the forfeiture during the same proceeding, Brody was not subjected to double jeopardy. See United States v. Smith, 75 F.3d 382, 384 (8th Cir.1996) (double jeopardy concerns do not arise when congressionally-authorized multiple punishments are imposed in single proceeding). Thus, Brody's counsel was not ineffective for failing to raise this issue. Nor was counsel ineffective for failing to challenge the type of methamphetamine used in calculating Brody's sentence: the base offense level to which Brody agreed was clearly based on D-methamphetamine, and he has neither alleged nor shown that the drug was in fact L-methamphetamine.
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas