**Romeo SANTOS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 96–00107 ACK.**
**Crim. No. 90–01143–01 ACK.**

United States District Court,
D. Hawai'i.

Aug. 16, 1996.

Romeo Santos, Big Spring, TX, pro se.

### ORDER DENYING PETITIONER'S SECTION 2255 MOTION

KAY, Chief Judge.

### BACKGROUND

On February 1, 1996, petitioner Romeo Santos filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a request for an evidentiary hearing. On March 27, 1996, the government filed an opposition. On April 29, 1996, Petitioner filed a Reply and Supplemental Memorandum.

Petitioner is currently serving a 126 month sentence, having pled guilty to (1) one count of the distribution of crystal methamphetamine (21 U.S.C. § 841(a)(1)) and (2) one count of the distribution of crystal methamphetamine in excess of 10 grams (21 U.S.C. § 841(a)(1)); and having been found guilty after jury trial of (3) one count of conspiracy to distribute and possess with intent to distribute in excess of 10 grams of crystal methamphetamine (21 U.S.C. §§ 846 and 841(a)(1)) and (4) one count of use of a firearm during a drug trafficking offense (18 U.S.C. § 924(c)(1)). Petitioner was sentenced by this Court on May 13, 1991.

Petitioner claims (1) that because the government laboratory report did not specify if the subject methamphetamine was D-methamphetamine or the less serious L-methamphetamine, the Court erroneously sentenced him as though the subject methamphetamine was D-methamphetamine; (2) his attorney was ineffective for failing to challenge at sentencing or on appeal the calculation of his sentence based on D-methamphetamine; and (3) his sentence violates the equal protection clause because his status as a deportable alien precludes his participation in prerelease programs.

## FACTS

On July 26, 1990, a federal grand jury for the District of Hawaii returned a five-count Indictment against Petitioner, Romeo Santos, and his co-defendants Raymundo Santos, Robert Andres, Dawn Morgan, Jerry Malinab, and Georgia Miller.

On November 6, 1990, Petitioner pled guilty to counts 1 and 2 and began trial for counts 3 and 4. On November 13, 1990, the jury found Petitioner guilty of counts 3 and 4.

The Presentence Report (PSR) calculated Petitioner's base offense level to be 26. On February 12, 1991, Petitioner filed a supplemental sentencing statement objecting to the PSR level 26 calculation in paragraph 47. Petitioner claimed that the stipulation entered into by the parties did not establish the purity of the methamphetamine. The United States filed a memorandum regarding the laboratory analysis on March 26, 1991 and Petitioner withdrew his objection on May 3, 1991.

On May 13, 1991, Petitioner appeared for sentencing. Petitioner's counsel confirmed the withdrawal of Petitioner's objection to PSR paragraph 47 which calculated the base offense level at a level 26. The Court made a two-point upward adjustment for Petitioner's role as a leader in the offense and granted Petitioner's request for a two-point downward adjustment for acceptance of responsibility. Petitioner's adjusted total offense level thus was a level 26. Based on the total offense level 26 and a criminal category one, the Court sentenced Petitioner to 66 months imprisonment on Counts 1, 2, and 3 and 60 months imprisonment on Count 4. The sentence for Count 4 was ordered to run consecutive to that adjudged in Counts 1–3. Petitioner filed a timely notice of appeal on May 23, 1991.

On appeal, Petitioner argued that there was insufficient evidence to sustain his conspiracy conviction. Petitioner did not challenge the sentence that was imposed. By memorandum opinion filed May 7, 1992, the Ninth Circuit found that there was sufficient evidence of Petitioner's participation in the conspiracy and affirmed his conviction.

## DISCUSSION

### I. EVIDENTIARY HEARING

Title 28 U.S.C. § 2255 provides that a court shall hold an evidentiary hearing on a motion under this section "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." "A court may entertain and determine such [a] motion without requiring the production of the prisoner at the hearing." *Id.*

> The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted. A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.

*United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir.1984) (citations omitted); *Shah v. United States,* 878 F.2d 1156, 1158 (9th Cir.1989); *see also United States v. Quan,* 789 F.2d 711, 715 (9th Cir.1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

The Ninth Circuit has recognized that even where credibility is at issue, where that can be "'conclusively decided on the basis of documentary testimony and evidence in the record,'" no evidentiary hearing is required. *Shah,* 878 F.2d at 1159 (quoting *United States v. Espinoza,* 866 F.2d 1067, 1069 (9th Cir.1989)). Judges also may use discovery, documentary evidence, and their own notes and recollections of the plea hearing and sentencing process to supplement the record. *Shah,* 878 F.2d at 1159. "Judges may also use common sense." *Id.* The choice of method for handling a section 2255 motion is left to the discretion of the district court. *Id.* (citing *Watts v. United States,* 841 F.2d 275, 277 (9th Cir.1988)).

Here, Petitioner requests an evidentiary hearing on the grounds that nowhere in the government's laboratory reports is there any indication that the subject methamphetamine

was D-methamphetamine. The Court however denies Petitioner's request because it finds that his motion may be ruled upon without the necessity of such a hearing.

## II. SENTENCE

Petitioner claims that this Court improperly sentenced him as if the subject methamphetamine was D-methamphetamine rather than L-methamphetamine by failing to require proof that the methamphetamine was in fact D-methamphetamine and by failing to resolve this factual dispute at sentencing.

### A. MERITS

Putting aside any procedural bar, Petitioner arguably has a claim his sentence was improperly imposed. In *United States v. Dudden*, 65 F.3d 1461 (9th Cir.1995), the Ninth Circuit held on direct appeal (as opposed to on collateral attack) that while a district court's factual findings at sentencing are reviewed only for clear error, "[i]t was clear error to find that the drug ... was D-methamphetamine" where there was insufficient evidence to satisfy the government's burden to prove what type of methamphetamine was involved. *Id.* at 1472.

Here, the Court sentenced Petitioner as if the subject methamphetamine were D-methamphetamine. Although the government had the methamphetamine analyzed by the DEA Western Regional Laboratory in San Francisco, this analysis did not determine whether the methamphetamine involved was D-methamphetamine or L-methamphetamine. "[W]hen ... no direct evidence of the drug's chemical composition or the method of its manufacture is available, circumstantial evidence may be sufficient to determine which isomer [D– or L–] is involved." *Dudden*, 65 F.3d at 1471. The government however offers no such circumstantial evidence here. Accordingly, it would seem it has not borne its burden. *See United States v. Dudden*, 65 F.3d 1461 (9th Cir.1995) ("It is the government's burden to present evidence sufficient for the district court to find, by a preponderance of the evidence, that the drug involved was D-methamphetamine [as opposed to L-methamphetamine].").[1]

### B. PROCEDURAL BAR

■ The government responds, however, and the Court agrees, that Petitioner's claim is procedurally barred. The Ninth Circuit has held that while constitutional sentencing errors may be raised for the first time in a § 2255 motion where the defendant can demonstrate cause (for having failed to raise the issue earlier) and actual prejudice, "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed [even for cause and actual prejudice] by way of 28 U.S.C. § 2255."[2] *United States v.*

---

1. In *United States v. Burt* ("*Burt I*"), 76 F.3d 1064 (9th Cir. February 21, 1996), the Ninth Circuit affirmed a defendant's convictions for distributing methamphetamine and using a firearm during a drug trafficking offense, despite the giving of an invalidated entrapment instruction, on the grounds that error was harmless, but vacated and remanded his sentence based on distribution of D-methamphetamine by building on *Dudden* and holding that "a failure to determine the type of methamphetamine constitutes plain error." *Burt*, 76 F.3d at 1069.

The Ninth Circuit, however, then granted the defendant's petition for rehearing and withdrew its decision in its entirety. *United States v. Burt*, 83 F.3d 1156 (9th Cir. May 17, 1996). Upon rehearing, in an unpublished memorandum disposition, the Ninth Circuit reversed the defendant's convictions on the grounds the giving of the defective entrapment instruction was plain error and accordingly failed to reach the defendant's challenges to his sentence based on D-methamphetamine. *United States v. Burt*, 86 F.3d 1164 (9th Cir. May 17, 1996).

The United States contends that because the rationale for finding that it is plain error to fail to determine the type of methamphetamine is that such a finding "makes a significant difference in the sentence imposed," *Burt I*, 76 F.3d 1064, 1069, the same reasoning ought not to apply here inasmuch as the instant disparity is only six months. *See* United States' Response at 8–11. While the Court finds the government's contention not unpersuasive, it need not rule on that basis in light of the following discussion. Moreover, as discussed in footnote 2, plain error can be constitutional or nonconstitutional. Accordingly, error constituting a failure to determine the type of methamphetamine may be procedurally barred even assuming such error is plain.

2. "Constitutional" error is not necessarily synonymous with "plain" error. Plain error is error "'which [the appeals court] may review even absent a timely objection [below].'" *United States v. Hutson*, 843 F.2d 1232, 1238 (9th Cir. 1988) (quoting *United States v. Lopez*, 575 F.2d 681, 685 (9th Cir.1978)). It is a "highly prejudi-

*Schlesinger,* 49 F.3d 483, 485 (9th Cir.1995) (barring review by § 2255 petition of sentencing court's alleged failure to resolve factual disputes at sentencing as required by Rule 32(c)(3)(D)); *see also United States v. Seyfert,* 67 F.3d 544, 546 (5th Cir.1995) (barring review by § 2255 petition of nonconstitutional claim that government failed to prove quantity of D-methamphetamine, as opposed to L–methamphetamine, in methamphetamine used to calculate defendant's sentence); *cf. United States v. Deninno,* 29 F.3d 572, 580 (10th Cir.1994) (defendant waived claim on appeal that he should have been sentenced for L–methamphetamine rather than D-methamphetamine by failing to raise issue at sentencing), *cert. denied,* — U.S. ——, 115 S.Ct. 1117, 130 L.Ed.2d 1081 (1995); *compare United States v. Bogusz,* 43 F.3d 82, 89–90 (3d Cir.1994) ("[C]onsidering the gross disparity in sentencing, we disagree with the *Deninno* court's holding that the determination of methamphetamine type is entirely a factual question that cannot rise to the level of plain error.") (cited in *United States v. Dudden,* 65 F.3d 1461, 1471 (9th Cir.1995), for other proposition that circumstantial evidence may support determination of particular isomer involved), *cert. denied,* — U.S. ——, 115 S.Ct. 1812, 131 L.Ed.2d 736 (1995); *United States v. Ramsdale,* 61 F.3d 825, 832 (11th Cir.1995) (agreeing with Third Circuit that "it is plain error to impose a sentence based upon D-methamphetamine in the absence of *any* evidence as to the type of methamphetamine involved in

the criminal activity") (emphasis added); *United States v. Dudden,* 65 F.3d 1461, 1471 (9th Cir.1995) (citing *Ramsdale,* but not in § 2255 waiver context, for proposition that "[t]here must be proof ... to justify the added deprivation of liberty that follows the scoring of the drug as D-methamphetamine").

The Court finds that in light of *Schlesinger,* Petitioner's nonconstitutional claim of a sentencing error is procedurally barred.[3] Moreover, Petitioner cannot show cause and actual prejudice. While establishment of ineffective assistance of counsel may satisfy cause and actual prejudice, *see United States v. Acklen,* 47 F.3d 739, 742 (5th Cir.1995), Petitioner cannot, as discussed below, establish such ineffective assistance here.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims ineffective assistance of counsel on the grounds that his counsel failed to challenge at sentencing or on direct appeal the calculation of his sentence based on D-methamphetamine. The Court finds no ineffective assistance here.

In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) that his counsel's performance was outside the "wide range of professionally competent assistance," by identifying specific material errors or omissions, and (2) that his defense was so prejudiced by his counsel's

---

cial error affecting [the defendant's] substantial rights," *Hutson,* 843 F.2d at 1232 (quoting *United States v. Giese,* 597 F.2d 1170, 1199 (9th Cir.1979)), and "is invoked to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process." *United States v. Payne,* 944 F.2d 1458, 1463 (9th Cir. 1991).

Federal Rule of Civil Procedure 52(b) "leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Labansat,* 94 F.3d 527, 530 (9th Cir.1996) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 1776–77, 123 L.Ed.2d 508 (1993) (internal quotations omitted)).

"[N]ot all constitutional violations constitute plain error and require reversal." *United States*

*v. Tarazon,* 989 F.2d 1045, 1053 (9th Cir.1993). Conversely, not all plain errors are of constitutional dimension. *See United States v. Hall,* 650 F.2d 994, 998 and n. 6 (9th Cir.1981) (where plain error is nonconstitutional, it may be harmless error where "it is more probable than not that the error was harmless," but where plain error is constitutional, error must be "harmless beyond a reasonable doubt"); *United States v. Jones,* 592 F.2d 1038, 1043 (9th Cir.1979) (disagreeing "that the prosecutor's statements constituted reversible error in either the constitutional or nonconstitutional sense").

3. *See United States v. Wynne,* 77 F.3d 491 (Table), 1996 WL 75287 (9th Cir. February 21, 1996) (unpublished) (nonconstitutional claim sentence was miscalculated based on D-methamphetamine waived under *Schlesinger* for failure to raise at sentencing or on direct appeal).

errors that there is a reasonable probability that, but for his counsel's deficient representation, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

The defendant must overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066; *see also Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955) (defendant must overcome presumption that, under the circumstances, the challenged action might be considered sound trial strategy). Judicial scrutiny of counsel's performance must be highly deferential and must take into account the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland,* 466 U.S. at 689–90, 104 S.Ct. at 2065–66.

The Court finds that Petitioner has failed either to rebut the presumption that his counsel's performance was within the "wide range of professionally competent assistance" or to demonstrate prejudice, that is, "a reasonable probability that, but for his counsel's deficient representation, the result of the proceeding would have been different."

■ Although at the time of Petitioner's sentencing on May 1, 1991 the Sentencing Guidelines treated L-methamphetamine much less severely than D-methamphetamine, case law regarding the government's burden of proving (and the necessity of finding) that the drug involved is the more po-

tent D-methamphetamine was sparse. Considering the state of the law at the time of Petitioner's sentencing and the conduct of Petitioner's counsel under the circumstances, the Court finds that Petitioner fails to rebut the presumption that his counsel rendered adequate assistance.[4]

■ Moreover, Petitioner cannot show prejudice—that is, a "reasonable probability that, but for his counsel's deficient representation, the result of the proceeding would have been different"—inasmuch as he has neither alleged nor shown that the subject methamphetamine was in fact L-methamphetamine, nor is there any evidence in the record to so indicate. *See* Petitioner's Mot. at 5 (ground for motion is that "[t]he government laboratory report did not specify if the methamphetamine in question was either D-meth or L-meth"); Petitioner's Memo. at 2 (same); *United States v. Youngpeter,* 83 F.3d 434 (Table), 1996 WL 221386, **2 (10th Cir. May 2, 1996) (unpublished); *Brody v. United States,* 89 F.3d 840 (Table), 1996 WL 240230, *1 (8th Cir. May 10, 1996) (unpublished).

Petitioner's claim of ineffective assistance of counsel accordingly is rejected.

## IV. *EQUAL PROTECTION*

Finally, Petitioner claims (for the first time in his Supplemental Memorandum) that his sentence is in violation of the Equal Protection Clause. The government has not responded to this argument. Petitioner argues that by virtue of his status as a deportable alien, he has been unconstitutionally excluded

---

4. The Court agrees with the reasoning and conclusion of Judge Rhoades in *United States v. James,* 915 F.Supp. 1092, 1096, 1098–1101 (S.D.Cal.1996), which too rejected a claim of ineffective assistance of counsel based on counsel's failure to object to the lack of a finding as to the type of methamphetamine at issue. *James* states in part:

> In the present case, Petitioner does not contend that he provided his trial counsel with any reason to suspect that the extremely rare l-methamphetamine was involved. For reasons known only to Petitioner, after he received the benefit of the plea bargain and after the drugs have been destroyed, he alleges for the first time in connection with his § 2255 motion that his source of drugs stated that the methamphetamine was being produced from Vicks In-

halers (a source of l-methamphetamine) and that he saw Vicks Inhalers in the source's car. Failure to make an objection for which there is no factual basis does not amount to ineffective assistance of counsel.

*Id.* at 1098. *James* also states:

> Without finding that any error in this case was made, it must be observed that there is something in the Sentencing Guidelines which seems to facilitate error. The Guidelines present a morass which is at times as esoteric as the rule against perpetuities.

*Id.* at 1099; *but compare United States v. Acklen,* 47 F.3d 739, 743 (5th Cir.1995) ("Merely reading the commentary to [§ 2D1.1 of the Sentencing Guidelines] would have alerted counsel to the potentially significant impact on sentencing that the type of isomers involved can have.").

from early pre-release programs such as half-way house, camp, and home confinement. Additionally, he argues that such exclusion constitutes mitigating circumstances which warrant a downward departure in his sentence. The Court finds there is no merit to these arguments.

 To state a claim for violation of the Equal Protection Clause of the Fourteenth Amendment the plaintiff must allege that he was treated differently from other similarly situated persons. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir.1993) (defendant not "similarly situated" to post-sentence prisoners and denial of credit for her seven-month house arrest does not violate equal protection). Petitioner alleges that "[o]n one hand, U.S. citizens have access to [pre-release programs] ..., and on the other hand, deportable aliens are excluded from such opportunities to help themselves reduce their sentence." However, Petitioner fails to state an Equal Protection claim because deportable aliens are not "similarly situated" to United States citizens.

The Ninth Circuit has not addressed the issue of whether one's status as a deportable alien warrants downward departure. Such a claim, however, is one of a nonconstitutional error that is barred under *Schlesinger*. In addition, this Court finds the reasoning of the Tenth and Eleventh Circuits on this issue persuasive and thus, in the alternative, will adopt the view that one's status as a deportable alien, which may result in ineligibility for less restrictive terms of confinement, nevertheless cannot justify a downward departure. *See United States v. Veloza*, 83 F.3d 380 (11th Cir.1996) (consequences of defendant's status as deportable alien did not warrant downward departure

5. Even the District of Columbia Circuit, which has held that downward departure may be appropriate if a defendant's status as deportable alien is likely to cause a fortuitous increase in severity of confinement recognizes that:

[f]or a departure on such a basis to be reasonable the difference in severity must be *substantial* and the sentencing court must have a high degree of confidence that it will in fact apply

under sentencing guidelines); *United States v. Mendoza–Lopez*, 7 F.3d 1483, 1486 (10th Cir.1993) (allegedly "harsh consequences of imprisonment for deportable aliens" are not grounds for downward departure).[5]

### *CONCLUSION*

For the foregoing reasons, the Court DENIES Petitioner's section 2255 motion.

IT IS SO ORDERED.

for a *substantial portion* of the defendant's sentence.... [E]ven a court confident that the status will lead to worse conditions should depart only when persuaded that the greater severity is undeserved.

*United States v. Smith*, 27 F.3d 649, 655 (D.C.Cir. 1994) (emphasis added). This does not appear to be the case here.