82 F.3d 921
 96 Cal. Daily Op. Serv. 3156, 96 Daily Journal
D.A.R. 5204
UNITED STATES of America, Plaintiff-Appellee,
v.
Susan Sukming CHAN, a/k/a Ching Wei Chang, a/k/a Jane Doe,
Defendant-Appellant.
 No. 94-50585.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 9, 1996.*
Decided May 6, 1996.
 
 Mark R. Lippman, La Jolla, California, for defendant-appellant.
 John C. Rayburn, Assistant United States Attorney, Santa Ana, California, for plaintiff-appellee.
 Appeal from the United States District Court for the Central District of California; Gary L. Taylor, District Judge, Presiding. No. CR-92-00001-03-GLT.
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE, Jr.,** District Judge.
 LEAVY, Circuit Judge:
 
 
 1
 This appeal involves a defendant who received the sentence she bargained for in exchange for her entry of a guilty plea. The district court, however, failed to warn the defendant that she would be bound by her plea if the court later chose to reject the terms of the plea agreement. The district court did not reject the plea agreement, and the defendant did not object to the district court's incomplete admonition. In the absence of any showing of prejudice to the defendant's substantial rights, we hold that the district court's omission was not plain error and affirm.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 Susan Sukming Chan ("Chan") was indicted on four counts of bank fraud and money laundering in violation of 18 U.S.C. §§ 1344 and 1957. The week before her trial was scheduled to begin, Chan entered into a plea agreement with the government. Chan promised to plead guilty to one count each of bank fraud and money laundering in exchange for the government's agreeing to dismiss the remaining counts and its promise to recommend a sentence of not less than thirty months' imprisonment and five years' supervised release. Before accepting her change of plea, the district court warned Chan that it was not bound by the terms of her plea agreement, and had the prosecutor explain to Chan in open court exactly what her maximum sentence could be.[1] The court failed, however, to advise Chan that she would not be permitted to withdraw her plea if the court chose to reject the terms of the plea agreement. See Fed.R.Crim.P. 11(e)(2).[2] Chan did not object to this omission on the part of the district court.
 
 
 3
 With the exception of a single typographical error that was corrected at the sentencing hearing, the presentence investigative report's ("PSR") factual findings and sentencing recommendations were accepted by both Chan and the government. The district court then adopted the PSR's findings and recommendations and sentenced Chan to the agreed upon thirty months in prison and five years of supervised release.
 
 
 4
 After filing a timely pro se notice of appeal, Chan requested and obtained the assistance of appointed counsel. Pursuant to Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Chan's attorney filed a brief indicating there were no meritorious issues for review and requested leave to withdraw. Based on our independent examination of the record, see Penson v. Ohio, 488 U.S. 75, 82-83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988), we have raised nostra sponte the question of whether the district court committed reversible error by failing to provide the Rule 11(e)(2) warning.
 
 ANALYSIS
 Standard of Review
 
 5
 Because Chan failed to object to the Rule 11(e)(2) omission, we review the issue for plain error under Fed.R.Crim.P. 52(b).[3] Put simply, that means that (1) there must be error, (2) the error must be "plain" (i.e., clear and obvious), and (3) the error must "affect substantial rights." United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-78, 123 L.Ed.2d 508 (1993). Moreover, because "[p]lain error is highly prejudicial error affecting substantial rights[,] ... [we] find[ ] such error only where necessary to prevent a miscarriage of justice or to maintain the integrity of the judicial process." United States v. Burt, 76 F.3d 1064, 1067 (9th Cir.1996) (internal citations omitted).
 
 Discussion
 
 6
 Because Chan's plea agreement was a so-called "type (B)" agreement,[4] the inclusion of the government's promise to recommend a particular sentence created an obligation on the part of the district court to warn Chan that, while the court was not bound by the terms of the agreement, Chan would be bound by her guilty plea even if the court later chose to reject the agreement. See Fed.R.Crim.P. 11(e)(2) ("[T]he court shall advise the defendant that if the court does not accept the recommendation ... the defendant ... has no right to withdraw the plea."). The district court's failure to provide the warning therefore constituted an error and that error was clear and obvious. The question before us, then, is whether that error also affected Chan's substantial rights. See Olano, 507 U.S. at 734-36, 113 S.Ct. at 1778; accord Fed.R.Crim.P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.").
 
 
 7
 We begin by noting that the mere failure on the part of a court to give a prescribed Rule 11 warning does not, without more, mean that the defendant's substantial rights were adversely affected. See, e.g., United States v. Alber, 56 F.3d 1106, 1109 (9th Cir.1995) (court's failure to advise defendant of maximum possible sentence prior to accepting guilty plea was harmless error where evidence showed defendant was already aware of maximum sentence). Thus, merely technical errors committed by a court at sentencing do not require that the sentence be set aside. Cf. United States v. Smith, 60 F.3d 595, 600 (9th Cir.1995) ("The harmless error clause of Rule 11 permits us to uphold guilty pleas only when there has been a minor or technical violation of Rule 11.") (internal quotation omitted).
 
 
 8
 In two prior decisions, we vacated sentences in which the district courts failed to comply with Rule 11(e)(2) and imposed sentences substantially greater than what had been anticipated by the defendants or recommended by the government. United States v. Kennell, 15 F.3d 134 (9th Cir.1994); United States v. Graibe, 946 F.2d 1428 (9th Cir.1991). In both cases we held that a defendant cannot knowingly and intelligently enter a guilty plea pursuant to a "type (B)" plea agreement without first being apprised by the sentencing court that he will not be permitted to withdraw his guilty plea if the court later chooses to reject the sentencing recommendation contained in that plea agreement. Kennell, 15 F.3d at 137-38; Graibe, 946 F.2d at 1435.
 
 
 9
 Implicit in both Kennell and Graibe is the assumption that the district courts' sentencing errors in both of those cases adversely affected the defendants' substantial rights and could not be deemed harmless for purposes of Rule 11(h), precisely because the district courts had rejected the plea agreements and imposed sentences that were in excess of what had been recommended by the government. By way of contrast, the sentencing error in the instant appeal did not result in any harm to the defendant: The district court adopted the PSR's findings and recommendations, to which Chan made no objection; the court accepted the terms of the plea agreement; and it imposed the very sentence Chan had bargained for and that had been recommended by the government and suggested in the PSR.
 
 
 10
 We hold, therefore, that when a district court adopts the government's sentencing recommendation and imposes the recommended sentence on the defendant, a failure on the part of the sentencing court to recite Rule 11(e)(2)'s prescribed warning is an error with no adverse effect on the defendant's substantial rights. In light of this holding, we conclude that the district court's incomplete admonition was not plain error within the doctrine laid down in United States v. Olano. Accordingly, the decision appealed from is
 
 
 11
 AFFIRMED. Counsel's motion to withdraw is GRANTED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 [1]
 The prosecutor explained that Chan faced a maximum possible sentence of forty years in prison, five years' supervised release, fines in excess of $1 million, and a special assessment of $100
 
 
 [2]
 "If the agreement [includes a recommended sentence], the court shall advise the defendant that if the court does not accept the recommendation ... the defendant nevertheless has no right to withdraw the plea." Fed.R.Crim.P. 11(e)(2) (in relevant part)
 
 
 [3]
 "Plain errors ... may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b) (in relevant part)
 
 
 [4]
 A type (B) agreement is one that is entered into pursuant to Fed.R.Crim.P. 11(e)(1)(B). That rule provides, in relevant part:
 The attorney for the government and the attorney for the defendant ... may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty ... the attorney for the government will ... make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court[.]
 In United States v. Graibe, 946 F.2d 1428 (9th Cir.1991), we distinguished "type (B)" plea agreements from "type (A)" and "type (C)" agreements. Under types (A) and (C), the defendant retains the right to withdraw his guilty plea if the court should reject the terms of his plea agreement; under type (B), however, the defendant remains bound by his guilty plea regardless of whether or not the court chooses to follow the government's recommendation for sentencing. 946 F.2d at 1432-33 (citing and discussing Fed.R.Crim.P. 11(e)(1)(A) and (C)).