97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yolanda ALLISON, Defendant-Appellant.
 No. 95-10414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 27, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yolanda Allison appeals her 202-month sentence imposed following entry of her guilty plea to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Allison contends that the district court erred by: (1) sentencing her for the entire drug quantity without excluding amounts intended for personal use; (2) failing to sua sponte depart downward from the career offender guideline range because she was a comparatively minor offender; (3) using a previous drug conviction which constituted relevant conduct to the instant offense in order to sentence her as a career offender. Additionally, Allison contends that she received ineffective assistance of counsel due to counsel's failure to raise these issues at sentencing. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Issues not presented to the district court generally cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). This court will consider an issue raised for the first time on appeal: "if (1) there are 'exceptional circumstances' why the issue was not raised in the trial court; (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." Id. Additionally, this court reviews issues raised for the first time on appeal for plain error. United States v. Chan, 82 F.3d 921, 923 (9th Cir.1996). Under the plain error standard, "(1) there must be error, (2) the error must be plain (i.e., clear and obvious), and (3) the error must 'affect substantial rights.' Id. quoting United States v. Olano, 507 U.S. 725, 732-36 (1993). This court will find such error only where necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process. United States v. Burt, 76 F.3d 1064, 1067 (9th Cir.1996).
 
 
 4
 Here, because Allison failed to raise any objections in the district court and does not meet any of the exceptions to the general rule barring appellate review, we decline to reach the merits of Allison's sentencing issues. See Chan, 82 F.3d at 923; Flores-Payon, 942 F.2d at 558. Additionally, because the record is not sufficiently developed to enable this court to review Allison's ineffective assistance of counsel claims, we decline to reach the merits of these claims. See United States v. Carr, 18 F.3d 738, 741 (9th Cir.) (declining to reach merits of ineffective assistance claim on direct appeal because it required evidentiary inquiry beyond record), cert. denied, 115 S.Ct. 82 (1994).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3