141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Delfino CHAVEZ-ALVAREZ, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Jose Sarco, Defendant-Appellant.
 Nos. 97-30123, 97-30140.
D.C. No. CR-96-00331-ALH.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 2, 1998.**
Decided March 17, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Ancer L. Haggerty, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Delfino Chavez-Alvarez appeals his jury conviction for possession of cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1). Jose Sarco appeals his guilty plea conviction for possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)), and the use of a firearm during a drug trafficking offense (18 U.S.C. 924(c)(1)). We affirm Chavez-Alvarez's conviction. We vacate Sarco's conviction and remand.
 
 A. Chavez-Alvarez
 
 3
 Chavez argues that the district court erred when it failed to order, sua sponte, a competency hearing to determine whether he was competent to stand trial. See Miles v. Stainer, 108 F.3d 1109, 1112 (9th Cir.1997); Hernandez v. Ylst, 930 F.2d 714, 716 (9th Cir.1991); Chavez v. United States, 656 F.2d 512, 515 (9th Cir.1981); see also 18 U.S.C. § 4241(a). However, the testimony by a psychologist at his suppression hearing, without more, was insufficient to raise a reasonable doubt about Chavez' competence, especially where defense counsel did not believe that Chavez was incompetent. See Hernandez, 930 F.2d at 718; United States v. Clark, 617 F.2d 180, 186 & n. 11 (9th Cir.1980). There was no evidence before the court that Chavez had any history of mental problems, or had exhibited irrational behavior. Cf. Moran v. Godinez, 57 F.3d 690, 695 (9th Cir.1995); Chavez, 656 F.2d at 519. To the contrary, his testimony at trial was articulate, responsive and exhibited no cognitive defects.
 
 B. Sarco
 
 4
 Sarco's guilty plea was made pursuant to an agreement of the type specified in Federal Rule of Criminal Procedure 11(e)(1)(B). He argues that the district court violated Rule 11(e)(2) when it failed to advise him that he could not withdraw his guilty plea if it did not accept the government's recommendations in the plea agreement. He is correct. See United States v. Kennell, 15 F.3d 134, 137-38 (9th Cir.1994); United States v. Graibe, 946 F.2d 1428, 1435 (9th Cir.1991). And because the court rejected the government's recommendations, that failure to advise was not harmless.[1] Cf. United States v. Chan, 97 F.3d 1582, 1584 (9th Cir.1996). Therefore, Sarco's guilty plea and conviction are vacated, and his case is remanded to the district court which shall afford him the opportunity to enter a new plea. See Graibe, 946 F.2d at 1435.[2]
 
 
 5
 AFFIRMED as to Chavez-Alvarez; VACATED and REMANDED as to Sarco.
 
 
 
 **
 The panel finds No. 97-30123 appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We observe that even the plea agreement itself failed to point out that Sarco could not withdraw his plea if the district court failed to follow the government's sentencing recommendation. It should have contained that warning
 
 
 [2]
 We decline to order that this case be assigned to a different district judge upon remand. See United States v. Sharp, 941 F.2d 811, 816-17 (9th Cir.1991); United States v. Borrero-Isaza, 887 F.2d 1349, 1356-57 (9th Cir.1989)