**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alphonso VONN, Defendant–Appellant.**

**No. 98–50385.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1999

Filed April 20, 2000

Elaine Lu, Assistant United States Attorney, Los Angeles, California argued the cause for the plaintiff-appellee. With her on the briefs were Alejandro N. Mayorkas, United States Attorney and George S. Cardona, Assistant United States Attorney.

Emily Uhrig, Deputy Federal Public Defender, Los Angeles, California, argued the cause for the defendant-appellant. With her on the briefs was Maria E. Stratton, Federal Public Defender.

Before: BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

KOZINSKI, Circuit Judge.

We consider whether we must set aside a guilty plea because the district court failed to advise defendant of his right to be represented by counsel at trial.

### I

On February 27, 1997, three men entered the Farmers and Merchants Bank in Long Beach, California, and attempted a daring, if ill-conceived, daytime robbery. After announcing "[t]his is a holdup," two of the robbers drew guns and instructed everyone to get on the floor. The third man, Vonn, leapt over the counter with a bag for the tellers to fill with money. The three men then fled with a grand total of $209, proving yet again that crime doesn't pay. Adding injury to insult, the three were arrested a short time later and police recovered the entire booty from Vonn's sock.

Vonn was initially charged with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and chose to plead guilty. As required by Rule 11(c) of the Federal Rules of Criminal Procedure, the court informed Vonn of the rights he was relinquishing: the right against self-incrimination, the right to trial by jury, the right to confront witnesses and the right to present evidence in his own behalf. Absent from the litany of Rule 11(c) rights ticked off by the district court was the right to counsel at trial. *Cf.* Fed. R. Crim P. 11(c)(3).

The government then filed a superseding indictment charging Vonn with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Vonn pleaded guilty to these additional charges and the court again instructed him as to the rights he was giving up. Again, the district judge failed to inform Vonn of his right to an attorney at trial as required by Rule 11(c)(3). This time the government attempted to point out the court's error:

| | |
|---|---|
| Ms. Lu (for the government): | Your Honor? |
| The Court: | What? |
| Ms. Lu: | If we could-I don't know remember hearing the Court inform the defendant of his right to assistance of counsel. |
| The Court: | I didn't because [he] is represented by counsel. |

Reporter's Transcript of Proceedings, Change of Plea at 10–11.

Vonn subsequently moved to withdraw his guilty plea on the gun charge, arguing that he was not guilty and his plea was the

result of a mistake. The court denied Vonn's motion. In the Presentence Report, Vonn's probation officer recommended a prison term at the low end of the spectrum given "the minimal loss and [Vonn's] lack of criminal history." Vonn was sentenced to a total of 97 months. On appeal, he seeks to have all of his convictions set aside due to the district judge's failure to advise him of his right to counsel at trial.[1]

## II

■ According to Rule 11, prior to accepting a guilty plea, "the court *must* address the defendant personally in open court and inform the defendant" of his rights. Fed.R.Crim.P. 11(c) (emphasis added). The Rule then goes on to list the specific rights the court must explain to the defendant. If the district court fails to properly advise a defendant of his rights under Rule 11(c), we typically allow him to withdraw his guilty plea. *See United States v. Odedo*, 154 F.3d 937, 939 (9th Cir.1998) (holding that where "the district court violated the requirements of Rule 11" it was "necessary to remand so that [defendant] has the opportunity to enter a new plea").

The government has all but conceded that the requirements of Rule 11 were not satisfied here. *See* Appellee's Brief at 1 (posing the issue presented as "[w]hether ... the district court's failure explicitly to advise (sic) defendant of his right to the continued assistance of counsel at trial affected defendant's substantial rights"). Nevertheless, the government offers two arguments as to why Vonn ought not be allowed to withdraw his guilty plea. The

first is that he is precluded from raising his Rule 11 claim with respect to the firearms charge because he failed to raise it below in his motion to withdraw the plea. Second, the government argues that the district court's failure to adhere strictly to the requirements of Rule 11(c)(3) was harmless error.

### A. Waiver

■ The government correctly points out that we do not normally consider issues raised for the first time on appeal. *See United States v. Rubalcaba*, 811 F.2d 491, 493 (9th Cir.1987) (refusing to "consider the merits" because defendant "failed to raise this claim below in his motion to withdraw his plea ... [and] fail[ed] to satisfy any ... exceptions"). However, we have held that this does not apply to Rule 11 errors. Instead, Rule 11 has its own review mechanism, which supersedes the normal waiver rule. *See Odedo*, 154 F.3d at 940, ("[T]he Rule 11(h) 'harmless error' standard applies to all Rule 11 errors, regardless of whether they were ever raised before the district court.").[2] Thus, the case turns on our resolution of the government's second argument, that the district court's error was harmless.

### B. Harmless Error

Under Rule 11(h), we must disregard variances from the colloquy that do not "affect substantial rights." Fed.R.Crim.P. 11(h). We have interpreted this to mean that we must inquire whether the defendant was aware of his rights despite the judge's failure to advise him. *See, e.g., United States v. Dawson*, 193 F.3d 1107, 1110 (9th Cir.1999) (approving district court's examination of defendant's "recent

---

1. Vonn also claims the district court erred in failing to warn him that statements he made in the change of plea hearing could be used against him in a future perjury prosecution. Because we find the failure to advise him of the right to counsel to be dispositive, we need not address this claim.

2. We note, moreover, that accepting the government's waiver argument would create a

curious anomaly: We would be precluded from considering the failure to caution defendant of his right to counsel on the gun charge, as to which he made a motion to withdraw the plea (but failed to raise the rule 11 argument), but we would not be precluded from considering the issue with respect to the remaining counts, as to which defendant made no motion to withdraw the plea.

experience in other criminal cases, which suggested that he knew the rights he waived by pleading guilty"); *United States v. Graibe,* 946 F.2d 1428, 1435 (9th Cir. 1991) (requiring that government make "an affirmative showing on the record that the defendant was actually aware of the advisement" for the error to be harmless).

What evidence is there that Vonn was aware of his right to counsel at trial, even though the district court neglected to inform him of it? The government points to the initial status conference where Vonn declared his intention to go to trial on the gun charge. According to the government, the discussion during the conference, set out in the margin,[3] indicates that all parties knew that Vonn would continue to be represented by Mr. Li, his appointed lawyer, at trial. Furthermore, according to the government, the district court informed both lawyers of the trial date, which should have made clear to Vonn that Mr. Li was to appear on his behalf at that time.[4]

■ Nothing in the transcript indicates that Vonn was aware of his continued right to counsel if he chose to go to trial. The district court did not mention that right, nor did Vonn say anything, much less anything that clearly suggests he was aware of this right. The brief conference between Vonn and his lawyer, as the district court and government counsel watched, was off the record and we have no clue as to what was said between them. This hardly amounts to "an affirmative showing on the record that the defendant was actually aware of the advisement." *Graibe,* 946 F.2d at 1435.

■ The scheduling colloquy presents a closer question. Given some familiarity with how court proceedings are conducted, one would infer that when the court announces a future court appearance in the case, counsel are expected to be present unless specifically excused. But Vonn had no prior criminal record, nor do we have any indication that he was familiar with

3.

| The Court: | Oh. Is that your understand (sic) Counsel? Do you and your client understand that the Government wants to pursue the gun allegation apparently? |
| Mr. Li: | Yes, I do, Your Honor— |
| The Court: | The Government's position is that Mr. Vonn personally used a firearm, right? |
| Ms. Lu: | Yes. |
| The Court: | And he doesn't want to admit that. So he would be admitting the armed bank robbery and admitting that somebody in the group used a gun but not necessarily it was he, right? |
| Mr. Li: | Yes, Your Honor. Can I have a moment, Your Honor? |
| The Court: | Yes. |

(Pause in the proceedings)

| Mr. Li: | We will proceed, Your Honor. |
| The Court: | Is there really any point in taking this plea? If we're going to go |

through a whole, the jury is going to have to hear the whole case anyway then to figure out whether or not he used a gun.

| Mr. Li: | I understand, Your Honor. But it's my client's desire to plead guilty to Count One. |

Reporter's Transcript of Proceedings, Status conference, Monday, May 12, 1997 at 3-4.

4.

| The Court: | Let's see. Jury trial is set for June 10th. We can just leave it on the calendar for June 10th, then, for trial. |
| Mr. Li: | Yes, your Honor. |
| Ms. Lu: | Very well. |
| The Court: | That will be the order then. The trial will remain as set for June 10th, on Count Two, and the sentencing date will remain as set by the Court. We'll see you back here on June 10th. |

Reporter's Transcript of Proceedings, Status Conference, May 12, 1997 at 12–13.

courtroom proceedings. We therefore cannot assume that he was aware of this convention. The district judge certainly did not say anything like, "I expect both counsel to be here on that date," nor would we expect him to do so, as counsel would know to be present without any such admonition. But the client is presumed *not* to know all the things counsel knows, which is why we have a Rule 11 colloquy. Based on this record, we cannot say with confidence that Vonn knew that he was entitled to be represented by counsel at trial despite the court's failure to advise him of this fact.

■ The government suggests that the Assistant United States Attorney's reminder to the district court alerted the defendant to his right to assistance of counsel at trial. *See* p. 1111–1112 *supra.* We sympathize with the government's position and recognize its good faith effort to correct the district court's error. However, the transcript of the government's attempted correction does not yield the unequivocal evidence we would need before we could deem Vonn aware of his continuing right to counsel at trial.

The prosecutor's statement was elliptical at best: "If we could-I don't know remember hearing the court inform the defendant of his right to assistance of counsel." Reporter's Transcript of Proceedings, Change of Plea at 10–11. For those familiar with the legal system, the import of the lawyer's statement is apparent: She was reminding the district court of defendant's right to representation of counsel at trial. However, for an inexperienced criminal defendant, the statement could be baffling, as it does not mention the availability of counsel at trial. And the district court's response to the government's reminder, "I didn't because [he] is represented by counsel," *id.* at 11, might confuse an even more experienced criminal defendant. We cannot assume defendant here understood the government's attempted correction.

The government also relies on cases from other circuits which appear to hold that a defendant who is represented by counsel at his plea hearing, is presumed to be aware of his right to counsel at trial. *See, e.g., United States v. Gomez–Cuevas,* 917 F.2d 1521, 1526 (10th Cir.1990) ("[T]here was no prejudice in the court's failure to advise Gomez he had a right to counsel because Gomez already was represented by counsel."); *United States v. Lovett,* 844 F.2d 487, 491 (7th Cir.1988) ("Lovett was represented by an attorney. Therefore, the district court was not required to inform Lovett that even if he could not afford one, an attorney could be appointed to assist him at trial."); *United States v. Caston,* 615 F.2d 1111, 1113–15 (5th Cir.1980) (harmless error where court failed to explicitly advise defendant of right to assistance of counsel at trial); *United States v. Saft,* 558 F.2d 1073, 1080 (2d Cir.1977) ("[I]t would defy reality to suppose that Saft had any doubts" about his appointed counsel's continuing to represent him at trial, because unlike "a defendant with retained counsel who might worry that his money might run out . . . . there was no suggestion that [Saft's] counsel would abandon him if he went to trial.").

While these cases use language that supports the government's position, most did not rely solely on the fact that defendant was represented at the plea hearing. In *Lovett,* there was other evidence that the defendant was aware of his right to counsel, including prior dealings with the criminal justice system. *See Lovett,* 844 F.2d at 492 ("[T]here is no suggestion in the record that Lovett did not know about his right to counsel at trial ... through his own extensive experience as a criminal defendant."). Caston had been in the criminal justice system before and his experience supported the inference that he was familiar with his right to counsel at trial. *See Caston,* 615 F.2d at 1115 ("[Caston] was an experienced defendant. . . ."). Finally, in *Saft,* there was evidence that the defendant was actually aware that his lawyer would continue to represent him at

trial. *See Saft*, 558 F.2d at 1080 ("Saft's affidavit in support of his motion to withdraw his guilty plea stated that prior to the opening of serious plea discussions in September 1976, 'my attorney and I had looked forward to trial as the ultimate forum for proving that I am not guilty of the crimes charged.' ").

■ In Vonn's case, nothing other than the fact that he was represented by counsel at the plea hearing supports the inference that he was aware of his right to counsel at trial. Vonn has no criminal record and he made no statement that clearly disclosed his understanding that Mr. Li, his plea hearing lawyer, would continue to represent him if he chose to go to trial.

■ Gomez–Cuevas is the only case cited by the government where the fact that a defendant was represented at the plea hearing was deemed sufficient to support the inference that he knew of his right to counsel at trial. However, we consider it out of step with our case law which requires "an affirmative showing on the record" that defendant was aware of his rights. *United States v. Graibe*, 946 F.2d 1428, 1435 (9th Cir.1991). Moreover, it is inconsistent with the structure of Rule 11. Subsection (c)(3) of the rule specifies the rights of which defendant must be advised even if he is represented by counsel, and this includes the right to counsel at trial. The drafters of the rule, thus, did not consider the admonition redundant simply because defendant is represented by counsel at the plea hearing.[5] The fact that a criminal defendant has been assigned a lawyer for a plea hearing does not, standing alone, absolve the district judge of his responsibility to advise the defendant of his continuing right to an attorney at trial under Rule 11(c)(3).

## Conclusion

Because the district court erred in advising Vonn of his rights under Rule 11(c)(3),

and that error was not harmless, we vacate Vonn's sentence and guilty pleas and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

---

**5.** By contrast, subsection (c)(2) of the rule lists certain advisements that the court may omit if the defendant is already represented. *See* Fed.R.Crim.P. 11(c)(2).