**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry Alexander JONES, Defendant–**
**Appellant.**

**No. 99–50168.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 2001.

Decided Jan. 26, 2001.

Before TROTT, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM**

In this appeal, we conclude that Judge Ideman conducted an inadequate guilty plea colloquy with Appellant Henry Jones, and that under the law of this Circuit, the court's discrete error was not harmless. Therefore, we reverse Jones's conviction and remand the case to the district court with instructions to allow him to re-plead.

Because the parties are familiar with the facts of this case, we recount them here only as necessary to explain our decision.

### A. Standard of Review

 Whether the district court complied with Federal Rule of Criminal Procedure 11 ("Rule 11") is reviewed *de novo*. *United States v. Smith*, 60 F.3d 595, 597 n. 1 (9th Cir.1995). The failure to comply with Rule 11 is reversible unless it constitutes harmless error. FED. R. CRIM. P. 11(h) ("Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."); *United States v. Odedo*, 154 F.3d 937, 940 (9th Cir.1998) ("[W]e hold that the Rule

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

11(h) 'harmless error' standard applies to all Rule 11 errors, regardless of whether they were ever raised before the district court.").[1]

## B. Analysis

### 1. The District Court Properly Ensured that Jones Understood the "Nature of the Charges" to Which He Was Pleading Guilty.

■ Rule 11(c)(1) requires the district judge to "inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered." FED. R. CRIM. P. 11(c)(1). The record of the plea proceeding demonstrates that the judge adhered to Rule 11(c)(1).

First, the judge asked the prosecutor to "advise Mr. Jones ... what the government would have to do if the case went to trial." The prosecutor complied by describing the elements of the armed bank robbery statute. The judge then immediately asked, "Do you understand that, Jones?" to which Jones responded, "Yes."

Soon thereafter, the judge instructed the prosecutor to explain "what the case against [the defendant] would be if this case went to trial," and advised Jones to "listen to what [the prosecutor] says and if you agree, then, you tell me that." The prosecutor explained in detail the factual circumstances of the armed bank robbery. The judge then asked Jones whether that factual statement was correct, to which Jones again responded, "Yes."

We recently approved of a similar procedure in an analogous case. *United States v. Timbana*, 222 F.3d 688, 703 (9th Cir. 2000). Rejecting the defendant's argument that the court was required to have the defendant "explain in his own words what he had done," we found no error where the district judge instructed the prosecutor to list the elements of the offense and to recite the evidence the government was prepared to present to a trier of fact. *Id.*

This case is clearly distinguishable from *United States v. Smith*, 60 F.3d 595, 597 (9th Cir.1995), and *United States v. Bruce*, 976 F.2d 552, 559 (9th Cir.1992). Unlike in *Smith*, the district judge did more than simply inform Jones of the factual predicate of the offense; and, unlike in *Bruce*, the district judge provided more than a "brief, vague explanation of the information." Rather, through the prosecutor, the judge informed Jones of the elements of armed bank robbery and of the facts the government was prepared to introduce if the case went to trial. In this manner, the judge properly ensured that Jones " 'possesse[d] an understanding of the law in relation to the facts.' " *Smith*, 60 F.3d at 597 (quoting *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)).

### 2. The District Judge Erred By Failing to Explain that Jones Would Not Be Allowed to Withdraw His Plea if the Court Departed from the Recommendation of the Plea Agreement, But the Error Was Harmless.

■ Rule 11(e)(2) states that "[i]f the [plea] agreement is of the type [B variety],

1. In its brief and at oral argument, the government made it clear that it does not believe harmless error is the proper standard of review. The government argues that when a defendant fails to object during the plea colloquy to alleged Rule 11 deficiencies, plain error review is appropriate. Nevertheless, the government concedes that under current Ninth Circuit precedent, harmless error is the standard. *Odedo*, 154 F.3d at 940. Unless and until the Supreme Court or an en banc panel of this court overrules *Odedo*, we are bound by its directives. *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1018 (9th Cir.2000); *Morton v. De Oliveira*, 984 F.2d 289, 292 (9th Cir.1993).

the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea." FED. R. CRIM. P. 11(e)(2). It is undisputed that Jones's plea agreement was a "type B" agreement.[2] It is likewise undisputed that Judge Ideman failed to advise Jones that if the court departed from the recommendations in the plea agreement, he would not be allowed to withdraw his plea. This failure was a violation of Rule 11(e)(2).

The government argues, however, that the court's error was harmless, and thus does not require reversal. We agree.

This case is governed by *United States v. Chan*, 97 F.3d 1582 (9th Cir.1996). In *Chan*, the district court "adopted the PSR's findings and recommendations, to which Chan made no objection . . .[,] accepted the terms of the of the plea agreement[,] and . . . imposed the very sentence Chan had bargained for and that had been recommended by the government and suggested in the PSR." *Id.* at 1584. We held "that when a district court adopts the government's sentencing recommendation and imposes the recommended sentence on the defendant, a failure on the part of the sentencing court to recite Rule 11(e)(2)'s prescribed warning is an error with no adverse effect on the defendant's substantial rights." *Id.*

Here, the plea agreement between Jones and the government expressly included a provision that stated, "[b]oth parties reserve the right to argue that additional adjustments and departures may be appropriate." In the Presentence Report, the government exercised its right to ar-

gue for additional enhancements. Specifically, the government sought a six-point enhancement for Jones's use of a gun during the robbery and also a two-point enhancement for Jones's co-defendant injuring a teller during the robbery. In his sentencing memorandum, Jones did not object to either additional enhancement; rather, he only requested a downward departure based on a claim of duress.

As in *Chan*, the district court adopted the PSR's findings and recommendations, to which Jones made no objection, accepted the terms of the plea agreement, and imposed the sentence recommended by the government and suggested in the PSR. *See id.* Therefore, as in *Chan*, the error was harmless. *See id.*

3. The District Judge Erred By Failing to Apprise Jones of His Right to Be Represented By Counsel at Trial, and the Error Was Not Harmless.

■ Rule 11(c)(3) requires the judge to inform the defendant of his right "at . . . trial . . . to the assistance of counsel." FED. R. CRIM P. 11(c)(3). It is undisputed that the district judge failed to inform Jones of his right to be represented by counsel at trial if he decided to plead not guilty.

In its brief, the government argues that the error does not require reversal. Specifically, the government claims that because Jones was actually aware of his right to be represented by counsel at trial, the district judge's failure to apprise him of that right during the colloquy was harmless. *See United States v. Graibe*, 946 F.2d 1428, 1435 (9th Cir.1991) (holding that if judge commits Rule 11 error, the

---

**2.** "Type B" agreements are those where "the government will . . . recommend, or agree not to oppose the defendant's request for a particular sentence or sentencing range, or that a particular provision of the Sentencing Guide-

lines, or policy statement, or sentencing factor is or is not applicable to the case. Any such recommendation or request is not binding on the court." FED. R. CRIM. P. 11(e)(1)(B).

government must make "an affirmative showing on the record that the defendant was actually aware of the advisement" for the error to be harmless). The government attempts to show that Jones was aware of his right to trial counsel based on earlier proceedings in this case and on his previous experience with the criminal justice system. The government relies on *United States v. Vonn*, 211 F.3d 1109 (9th Cir.2000), for the proposition that an appellate court may look beyond the plea proceedings in determining whether a defendant was actually aware of his constitutional right to trial counsel.

However, subsequent to briefing, *United States v. Vonn*, 211 F.3d 1109 (9th Cir. 2000), was withdrawn and superceded by *United States v. Vonn*, 224 F.3d 1152, 1152 (9th Cir.2000). The new *Vonn* opinion makes clear that "[i]n determining what the defendant knew, we are limited to what the record of the plea proceeding contains." *Id.* at 1155 (internal quotation marks and citation omitted). "The requirements of Rule 11 are so easy to follow that we will not go beyond the plea proceeding in considering whether the defendant was aware of his rights." *Id.*

At oral argument, the government forthrightly acknowledged the new *Vonn* opinion and admitted that under its analysis, we cannot look to any pre-plea proceedings or Jones's history with the justice system in determining whether he was actually aware of his right to trial counsel.[3] Thus limited by the new *Vonn* opinion, we can find nothing in the guilty plea colloquy which demonstrates that Jones was actually aware of his right to be represented by counsel if he decided to take his case to trial. Jones's acknowledgment that he read and understood the plea agreement is not sufficient to show that he knew he had the right to counsel if he pled not guilty. *See United States v. Kennell*, 15 F.3d 134, 136 (9th Cir.1994). Moreover, the fact that Jones was represented by counsel at the plea proceeding does not satisfy the Rule 11's requirements. *Vonn*, 224 F.3d at 1156. "The drafters of [Rule 11] . . . did not consider the admonition redundant simply because defendant is represented by counsel at the plea hearing." *Id.* Finally, Jones made no statements in the colloquy which might suggest that he was aware of his constitutional right to trial counsel.

Therefore, Judge Ideman's Rule 11(c)(3) error was not harmless. Accordingly, we reverse Jones's conviction and remand the case to the district court to allow Jones to re-plead. *See Smith*, 60 F.3d at 600 ("Because Rule 11(c)(1) was violated and the error was not harmless, [defendant] must be allowed to replead.") (citation omitted).

**REVERSED AND REMANDED.**

---

**3.** We recognize that the government has filed a petition for certiorari in the United States Supreme Court on the *Vonn* case, arguing, *inter alia*, that appeals courts should not be limited to the four corners of the plea proceeding in determining whether the defendant was actually aware of his constitutional rights. Nevertheless, we decline the government's invitation to stay this case pending the Supreme Court's decision on whether to grant certiorari. Unless and until the Supreme Court or an en banc panel of this court overrules *Vonn*, we are bound by its directives. *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d at 1018; *Morton*, 984 F.2d at 292.