UNITED STATES of America, Plaintiff–Appellee,

v.

Eduardo Aguilar CAMACHO, Defendant–Appellant.

No. 99–10521.

D.C. No. CR–99–00129–EJG.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 17, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Eduardo Aguilar Camacho appeals his guilty-plea conviction and 168–month sentence for one count of conspiracy to distribute methamphetamine and one count of aiding and abetting the distribution of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Reviewing for plain error, *United States v. Ma,* 290 F.3d 1002, 1005 (9th Cir.2002); *United States v. Scrivner,* 114 F.3d 964, 966 (9th

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.1997), we affirm in part, and vacate and remand in part.

Camacho first contends that his guilty plea should be vacated because the district court failed to advise him that he had the right to assistance of counsel at trial, in violation of Fed.R.Crim.P. 11(c)(3). We disagree. At his arraignment, Camacho was informed by the magistrate that he had the right to counsel throughout all proceedings. He was in fact represented by appointed counsel throughout all proceedings, including the plea colloquy. We therefore presume Camacho understood that he would have the assistance of counsel if he went to trial. *See United States v. Vonn,* 294 F.3d 1093, 1094 (9th Cir.2002) (order).

Camacho's second contention is that his guilty-plea conviction should be vacated because the district court failed to advise him that under certain circumstances, it could depart from the sentencing guidelines, in violation of Fed. R.Crim.P. 11(c)(1). Here too, we disagree. Camacho was advised that he could receive a life sentence, and he actually received the maximum sentence that, according to his own statement, he thought he would get. Accordingly, Camacho's substantial rights were not affected. *See United States v. Chan,* 97 F.3d 1582, 1584 (9th Cir.1996); *United States v. Ramos,* 923 F.2d 1346, 1357–58 (9th Cir.1991), *overruled on other grounds by United States v. Ruiz,* 257 F.3d 1030, 1032 (9th Cir.2001) (en banc).

Finally, Camacho contends, and the government concedes, that the district court committed plain error by giving him one criminal history point for his 1988 hit and run conviction. We agree. Because Camacho's sentence for the hit and run

conviction was imposed more than ten years before he committed the offense in this case, it should not have been counted in calculating his criminal history category. *See* U.S.S.G. §§ 4A1.2(e)(2) and 4A1.2(k)(2)(B)(iii). Because the district court's error resulted in a higher criminal history category, and subjected Camacho to a higher sentence, his substantial rights were violated. *See United States v. Casarez–Bravo,* 181 F.3d 1074, 1078 (9th Cir. 1999).

Accordingly, we affirm Camacho's conviction, but vacate his sentence and remand to the district court for resentencing, limited to correction of the criminal history.

AFFIRMED in part; VACATED and REMANDED in part.