NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 19, 2014
Decided June 19, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3707

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-CR-17-1-JPS |
| THOMAS HENDERSON, | J.P. Stadtmueller, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Thomas Henderson and his codefendants robbed a number of merchants in the Milwaukee area, usually at gunpoint, in late 2012 and early 2013. Typically they donned masks, entered a store, and restrained the employees and customers with zip ties. They grabbed cash, lottery tickets, bus passes, and cigarettes, and then fled in a silver Nissan Versa. Henderson's job was to point a rifle at store occupants; on one occasion he fired a round into the ceiling when a customer was too slow in following his orders.

Henderson, who was on extended supervision in Wisconsin for felony murder, stored the rifle at his home but sometimes loaned it to one of his codefendants, Jamere Towns. In November 2012, Henderson and a friend traded blows with other

passengers on a bus and used a cell phone to call Towns for backup. Towns brought along the rifle and killed one of the antagonists, who by then had exited the bus.

By the beginning of 2013, the FBI and local police had realized that the robbers were using a Nissan Versa to make their escape. After a ninth robbery on January 4, police spotted the car and gave chase. Henderson and the other occupants abandoned the car and tried to flee on foot, but he quickly was caught. Henderson was questioned and gave a confession after his arrest.

He was charged with nine counts of obstructing commerce by robbery, 18 U.S.C. § 1951, six counts of brandishing a firearm during a crime of violence, *id*. § 924(c)(1), and one count of possession of a firearm by a felon, *id*. § 922(g)(1). Convictions on just the § 924(c)(1) counts would have mandated consecutive prison terms totaling 132 *years*. *See id*. § 924(c)(1)(A)(ii), (C)(i); *United States v. Major*, 676 F.3d 803, 811 (9th Cir. 2012); *United States v. Wiest*, 596 F.3d 906, 911 (8th Cir. 2010). Henderson moved to suppress his confession on the ground that he was arrested without probable cause, but a magistrate judge recommended rejecting that claim and the district court agreed.

Henderson and the government then reached a plea agreement. He would plead guilty unconditionally to the nine robberies, the § 922(g)(1) count, and one of the § 924(c)(1) counts. He also would join the government in recommending that the district court impose a total of 40 years' imprisonment. In exchange, the government would dismiss the five other § 924(c)(1) counts. The district court accepted the plea agreement.

For the robberies and § 922(g)(1) violation, the court calculated a guidelines imprisonment range of 135 to 168 months. Seven years was added for brandishing the rifle in violation of § 924(c)(1). Henderson's lawyer, as promised in the plea agreement, asked the court to impose 40 years' imprisonment. The court did so. The court noted that the sentence exceeds the guidelines range but reasoned that 40 years is fair and reasonable given the degree of violence involved, Henderson's lack of respect for the law, and the need to protect the public and deter robberies. By this time Henderson's state supervision had been revoked, and the district court ordered his federal sentence to run concurrently with the balance of his state incarceration.

Henderson filed a notice of appeal, but his appointed lawyer represents that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis

in that brief appears to be thorough, we limit our review to the subjects that counsel discusses, plus the additional issues that Henderson, disagreeing with counsel, believes have merit. *See* CIR. R. 51(b); *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Both the attorney and Henderson focus on whether the defendant could challenge his guilty pleas. But Henderson did not move to withdraw his pleas in the district court, so our review would be limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

Counsel suggests that the district court complied with "each and every mandate" of Federal Rule of Criminal Procedure 11, but that assessment is slightly inaccurate. Although the plea colloquy indeed was extensive, the court neglected to tell Henderson that he could persist in his pleas of not guilty, *see* FED. R. CRIM. P. 11(b)(1)(B); that his right to counsel would extend to all proceedings including trial, *see id.* 11(b)(1)(D); and that the court was required to impose special assessments, *see id.* 11(b)(1)(L). Yet an appellate claim based on these omissions would be frivolous. There was no need to tell Henderson about his right to counsel because a lawyer was present with him during the colloquy. *See United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). Henderson also knew he could stand by his pleas of not guilty; after all, he pleaded not guilty at his arraignment and was in court for the very purpose of changing his pleas from not guilty to guilty. *See United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002). And the special assessment is covered in the plea agreement. *See United States v. Dominguez Benitez*, 542 U.S. 74, 85 (2004) (concluding that Rule 11 admonishment omitted from plea colloquy could not have affected defendant's substantial rights since information was included in written plea agreement); *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001) (same).

Henderson proposes to argue that the prospect of life imprisonment and relentless pressure from his lawyer coerced him to plead guilty. Prodding from a lawyer or another person could conceivably coerce a guilty plea, but "not every piece of pressure from a private party amounts to unconstitutional coercion." *United States v. Wilson*, 922 F.2d 1336, 1341 (7th Cir. 1991); *see United States v. Mezzanatto*, 513 U.S. 196, 209–10 (1995); *United States v. Mitchell*, 633 F.3d 997, 1002 (10th Cir. 2011); *Loconte v. Duggar*, 847 F.2d 745, 752–53 (11th Cir. 1998). And, in fact, during the plea colloquy Henderson acknowledged under oath that he was not pressured or coerced in any way but, rather, was pleading guilty voluntarily. His sworn representations are presumed truthful, so any challenge on this basis would be frivolous. *See United States v. Loutos*,

383 F.3d 615, 619 (7th Cir. 2004); *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998).

Counsel also notes in his *Anders* submission that Henderson could not challenge the adverse ruling on his motion to suppress because he pleaded guilty unconditionally. That is correct; Henderson waived all nonjurisdictional defects that occurred prior to his unconditional pleas of guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Adigun*, 703 F.3d 1014, 1018–19 (7th Cir. 2012); *United States v. Combs*, 657 F.3d 565, 568–69 (7th Cir. 2011).

Counsel has not identified any basis to disturb the district court's application of the sentencing guidelines, leaving only the possibility of challenging the reasonableness of Henderson's overall prison sentence. Counsel properly concludes that any argument on this point would be frivolous. We will uphold an above-guidelines sentence so long as the district court gives adequate reasons, consistent with the factors listed in 18 U.S.C. § 3553(a). *See United States v. Abebe*, 651 F.3d 653, 657 (7th Cir. 2011); *United States v. McIntyre*, 531 F.3d 481, 483 (7th Cir. 2008). Here the district court imposed the 40-year sentence that Henderson *bargained for* in order to save himself from five, consecutive 25-year terms under § 924(c)(1)(C)(i). It would be frivolous for Henderson now to characterize as unreasonable the very sentence he negotiated and advocated. *See United States v. Reyes-Contreras*, 349 F.3d 524, 525 (8th Cir. 2003); *United States v. Chan*, 97 F.3d 1582, 1584 (9th Cir. 1996). That is especially true on these facts.

Henderson advances one more potential argument in his Rule 51(b) response: that 40 years is unreasonable because his codefendants committed the same crimes but cooperated and received "very light sentences." But different sentences among codefendants are justified when they rest on legitimate considerations, including cooperation with the government, and so any argument on this basis would be frivolous. *See United States v. Serfling*, 504 F.3d 672, 681 (7th Cir. 2007); *United States v. Borscarino*, 437 F.3d 634, 638 (7th Cir. 2006).

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.